UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANTHONY LEMICY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-1383 CAS |
| MATTHEW MARTIN, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Anthony Lemicy, an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Based upon a review of the complaint, the Court finds that the federal claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over such claims and will dismiss them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff states that he has been unable to attain a certified account statement from the St. Louis City Justice Center.[1] As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

---

[1] Plaintiff has only been able to obtain an informal copy of a "Resident Funds Inquiry" showing two months of his commissary purchases and his requests for copies from the law library.

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in relation to his current criminal action in St. Louis City Court.

From the court records available on Missouri Case.Net, as well as plaintiff's complaint, the Court has been able to ascertain that plaintiff was charged with robbery in the first degree, assault in the second degree, and two counts of armed criminal action after he was arrested on March 9, 2015. *See State v. Lemicy,* Case No. 1522-CR01250-01 (22nd Judicial Circuit, St. Louis City, State of Missouri). It appears plaintiff has been incarcerated since that time.

In this case, plaintiff asserts that his state public defender, Megan Beesley, as well as the prosecutor in the action, Matthew Martin, acted wrongfully in denying him his due process and

equal protection rights. He believes the prosecutor, Mr. Martin: (1) failed to "fallow[] [sic] the protocal [sic] for legal proceedings"; (2) failed to hold a timely preliminary hearing/arraignment; (3) indicted plaintiff based on circumstantial evidence; (4) unlawfully failed to allow his defense counsel to attend grand jury proceedings; and (5) argued against pretrial release.

Plaintiff believes that his public defender, Ms. Beesley, acted unlawfully by: (1) failing to represent him properly/not advocating to the best of her ability/ineffective assistance of counsel; (2) failing to have his pro se motions heard by the Court; (3) failing to have him released on bond; and (4) failing to perform investigative work that plaintiff requests.

In his request for relief, plaintiff seeks that his criminal charges be dismissed, his arrest be expunged from his record, and he be awarded $100,000 in damages.

## Discussion

Plaintiff's claims for "ineffective assistance of counsel" relating to his own defense counsel's performance are claims that arise under habeas corpus, as are his requests for "expungement" of his criminal record. In order to pursue such claims, plaintiff must bring an action in habeas corpus after (and if) he is convicted, pursuant to 28 U.S.C. § 2254. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In the meantime, the present case will be dismissed for the following reasons.

Even if plaintiff's claims were not legally frivolous, this Court would have to abstain from hearing this action as a result of plaintiff's ongoing state criminal action pursuant to the doctrine set forth in *Younger v. Harris,* 401 U.S. 37, 53-54 (1971). In *Younger*, 401 U.S. at 46, the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to

raise constitutional challenges." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999); *see also Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). Having carefully reviewed the case at bar, the Court concludes that the *Younger* criteria are satisfied and that abstention from this matter is required.

Further, the Court finds that to some extent, plaintiff's case is styled as though it is a petition for writ of mandamus, brought pursuant to 28 U.S.C. § 1651. Plaintiff appears to ask this Court to prohibit the state prosecutor from enforcing state criminal laws against him. Such an application for mandamus, or for an injunction against state court actors enforcing state laws against a petitioner, is legally frivolous.

This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C.A. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County*, 323 F.2d 485, 486 (8th Cir.1963). The actions of the defendant prosecutor in this case are not within the jurisdiction of this Court. *See Middlebrooks,* 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.,* 528 F. Supp. 496, 498 (E.D. Mo. 1981) (federal courts have no superintending control over, and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [Doc. 4]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent that there are any state law claims encompassed in the complaint, the Court will decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

A separate Order of Dismissal will accompany this Memorandum and Order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __4th__ day of December, 2015.